IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN JAMES JENSEN,                )
                                    )
            Petitioner,             )        No. C 10-0542 CRB (PR)
                                    )
    vs.                             )        ORDER TO SHOW CAUSE
                                    )
C. NOLL, Warden,                    )
                                    )
            Respondent.             )
_____   )

        Petitioner, a state prisoner at the Correctional Training Facility in Soledad,

California (CTF), has filed a pro se petition for a writ of habeas corpus under 28

U.S.C. § 2254.


                            **BACKGROUND**

        Petitioner was originally convicted by a jury in Santa Clara County

Superior Court of nine counts of attempted distribution or exhibition of harmful

matter to a minor over the Internet.  He admitted that he had suffered six prior

serious felony convictions and, on January 11, 2002, was sentenced to serve an

indeterminate term of 25 years to life consecutive to a term of three years, and to

pay a $500 restitution fund fine.  Petitioner appealed and the California Court of

Appeal reversed the judgment due to a prejudicially erroneous jury instruction.

Upon retrial, petitioner was convicted of the original counts and three additional counts of attempted lewd conduct. He again admitted that he had suffered six prior serious felony convictions and, on March 7, 2006, a longer prison sentence and a higher restitution fund fine were imposed. Petitioner again appealed, and the California Court of Appeal again reversed and directed the trial court to strike the additional counts and to resentence petitioner "to a sentence which does not exceed his original sentence." (The Supreme Court of California denied review.)

Upon remand, the trial court dismissed the additional counts and, on May 9, 2008, resentenced petitioner to a prison sentenced of 25 years to life consecutive to a determinate term of two years, and imposed a $500 restitution fund fine. The trial court also imposed a "[f]ine of $300 plus applicable penalty assessment . . . pursuant to 290.3 of the Penal Code. Petitioner appealed the $300 fine, which the state conceded was error, and the California Court of Appeal modified the judgment to eliminate the fine. The instant petition for a federal writ of habeas corpus under § 2254 followed.

## DISCUSSION

A.      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

2

B.      Claims

Petitioner seeks federal habeas corpus relief by raising two claims: (1) the charging of the attempted lewd conduct counts the state court of appeal found amounted to vindictive prosecution also prejudiced him before the jury on the original counts the court of appeal upheld; and (2) the trial court prejudicially erred in permitting the prosecution to introduce evidence of his prior convictions in rebuttal.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt

3

of the answer.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  May 4, 2010

_____
CHARLES R. BREYER
United States District Judge