UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MARTIN JAMES JENSEN, | ) | Case No.: 10-CV-0542-LHK |
| Petitioner, | ) | |
| v. | ) | |
| C. NOLL, Warden, | ) | ORDER DENYING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner, a California prisoner currently incarcerated at a Correctional Training Facility in Soledad, California has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. ("Petition"). Petitioner asserts two claims for habeas relief: (1) insufficiently remedied prejudice resulting from ineffective assistance of trial counsel; and (2) violation of Petitioner's Due Process rights based on the admission into evidence of his 1983 convictions for child molestation. On May 5, 2010, the Court ordered Respondent to show cause why the petition should not be granted. ECF No. 2. Respondent filed an answer addressing the merits of the petition on July 2, 2010. ECF No. 3. ("Answer"). Petitioner filed a traverse on January 14, 2011. ECF No. 8. ("Traverse"). Having reviewed the briefs and the underlying record, the Court DENIES the petition for the reasons set forth below.

## I. BACKGROUND

### A. PROCEDURAL HISTORY

At Petitioner's initial proceedings before the Santa Clara County Superior Court ("Superior Court"), Petitioner was charged by information with ten counts of attempted distribution or exhibition of harmful matter to a minor over the internet with intent to seduce (Cal. Penal Code, § 288.2, subd. (b),[1] 664) and one count of possession of child pornography (Cal. Penal Code, § 311.11, subd. (a)). *See People v. Jensen*, H029971, 2007 WL 4172624 (Cal. Ct. App. Nov. 27, 2007), Resp. Ex. 3 ("Op.")), at 11. He was convicted of nine of the ten attempted distribution counts, acquitted of one attempted distribution count, and acquitted of possession of child pornography. *Id.* Petitioner also admitted six prior serious felony convictions (Cal. Penal Code §§ 667, 1170.12). *Id.* His original sentence was an indeterminate term of 25 years to life consecutive to a determinate term of three years and a $500 restitution fund fine. Petitioner appealed, and the California Court of Appeal for the Sixth Appellate District ("Court of Appeal") reversed the judgment due to a prejudicially erroneous jury instruction. *Id.*

At retrial in the Superior Court, over Petitioner's objections, the Superior Court permitted the prosecution to amend the information, to charge the defendant with eight felony counts for attempted distribution (Cal. Penal Code, § 288.2, subd. (b), 664) for which he was previously convicted, and three new counts of attempted lewd conduct with a minor (Cal. Penal Code § 288(a)).[2] *Id.* at 12. Because Petitioner's primary defense against the attempted distribution

---

[1] Cal. Penal Code, § 288.2, subd. (b) states: "(1) Every person who, with knowledge that a person is a minor, knowingly distributes, sends, causes to be sent, exhibits, or offers to distribute or exhibit by electronic mail, the Internet, as defined in Section 17538 of the Business and Professions Code, or a commercial online service, any harmful matter, as defined in Section 313, to a minor with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of a minor, and with the intent, or for the purpose of seducing a minor, is guilty of a public offense and shall be punished by imprisonment in the state prison or in a county jail.
(2) A person convicted of a second and any subsequent conviction for a violation of this subdivision is guilty of a felony punishable by imprisonment in the state prison."
[2] Cal. Penal Code § 288(a) applies in relevant part to "…any person who willfully and lewdly commits any lewd or lascivious act . . .upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

2
Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

charges was a lack of intent to seduce, he waived the statute of limitations so that the court could instruct on the lesser included misdemeanor of attempted distribution of harmful matter to a minor,[3] which lacks the intent to seduce requirement. *Id.* at 13.

At Petitioner's trial, a central contested issue was whether Petitioner in fact had the intent to seduce as required by Cal. Penal Code § 288.2, subd. (b). *See also* Op. at 13 ("[Petitioner's] trial counsel . . . contested only the intent to seduce element of the felony attempted distribution charges."). In addition, Petitioner appeared to defend against the attempted lewd conduct counts by suggesting that he did not actually believe that he was communicating with individuals under the age of 14. *Id.* at 12. To establish Petitioner's defense of lack of intent to seduce, Petitioner's trial counsel relied on the expert testimony of Dr. James Herriot. *Id.*; Answer at 14. Dr. Herriot testified that online chat rooms are often used for purposes of fantasy and entertainment, and that the participants in these chats usually have no intention of actually acting out their fantasies. *Id.* Dr. Herriot further testified that a convicted child molester would go to such a chat room to "work out their own internal issues" rather than going out into "real life [and] actually do[ing] any of those acts." *Id.*

After Dr. Herriot testified, the prosecution sought to introduce evidence of Petitioner's 1983 convictions for child molestation as rebuttal evidence, although the prosecution had previously represented that he would only introduce these convictions if Petitioner testified. *Id.* at 14-15, 18. The Superior Court had already ruled that Petitioner's prior conviction from 1991 was admissible, pursuant to California Evidence Code § 1108, which allows the admission of prior sexual convictions in a sexual offense trial. The Superior Court allowed the introduction of the 1983 convictions on the same grounds. *Id.* at 14-15. The 1983 conviction documents were entered into evidence and read to the jury, without any additional facts. *Id.* at 19. By contrast, the 1991

---

[3] Cal. Penal Code § 313 .1, subd. (a) states: "Every person who, with knowledge that a person is a minor, or who fails to exercise reasonable care in ascertaining the true age of a minor, knowingly sells, rents, distributes, sends, causes to be sent, exhibits, or offers to distribute or exhibit by any means, including, but not limited to, live or recorded telephone messages, any harmful matter to the minor shall be punished as specified in Section 313.4."

3
Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

1   conviction documents were entered into evidence, and the victim of the incidents leading to those
2   convictions briefly testified at trial. *Id.*; Answer, Ex. 6, C.T. at 309.

3         The jury deliberated for one day, and on October 18, 2005, found Petitioner guilty of five of
4   the eight felony attempted distribution counts, the lesser included offense of misdemeanor
5   attempted distribution as to the remaining three felony counts, and the three attempted lewd
6   conduct counts. *Id.* The Superior Court imposed a longer sentence and a higher fine than was
7   originally imposed in the first trial. *Id.* at 14.

8         On appeal, Petitioner challenged (1) the constitutional effectiveness of his trial counsel in
9   failing to properly object to the prosecution's amendment of the information at retrial; (2) the
10  greater prison sentence and restitution fine imposed at retrial, on grounds of double jeopardy; and
11  (3) the introduction into evidence of Petitioner's 1983 prior convictions in rebuttal.[4] *Id.* at 1-2. In
12  addition, Petitioner filed a petition for a writ of habeas corpus on the same ineffective assistance of
13  counsel claim. *Id.* at 2. The Court of Appeal found Petitioner's ineffective assistance of counsel
14  claim and his double jeopardy claim meritorious, and directed the Superior Court to strike the three
15  attempted lewd conduct counts and resentence defendant to a sentence not to exceed his original
16  sentence. *Id.* However, the Court of Appeal found that the Superior Court did not abuse its
17  discretion in admitting the 1983 prior convictions. *Id.* The Court of Appeal dismissed Petitioner's
18  habeas petition as moot. *Id.*

19        On remand, the Superior Court dismissed the three attempted lewd conduct counts, and
20  resentenced defendant to an indeterminate prison sentence of twenty-five years to life consecutive
21  to a determinate term of two years, which did not exceed Petitioner's initial sentence. *See People*
22  *v. Jensen*, H033101, 2009 WL 485248 (Cal. Ct. App. Feb. 26, 2009), Answer Ex. 2, at 1-2.
23  However, the Superior Court then imposed an additional fine of $300 for conviction of sex
24  offenses, under Cal. Penal Code § 290.3. *Id.* On Petitioner's third appeal, his only contention was
25  that the imposition of the additional $300 fine was erroneous, because it had not been imposed
26  following his first trial. *Id.* The Attorney General agreed that the Superior Court had erred in

---

[4] Petitioner also challenged an application of state criminal law that was mooted by the disposition of the previous challenges.

4

Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

1  imposing this fine. *Id.* at 2. The Court of Appeal modified the judgment to delete the excess fine,
2  and affirmed the judgment as modified. *Id.* at 1-3. Petitioner did not seek further review of the
3  judgment. Answer at 1.
4       On February 8, 2012, Petitioner filed the instant petition for habeas review, in which
5  Petitioner challenges the sufficiency of the Court of Appeal's remedy for ineffective assistance of
6  counsel, as well as the introduction of his 1983 conviction.

### B.    FACTUAL HISTORY

Federal courts reviewing habeas petitions are required to presume that the factual determinations of state courts are correct unless that presumption is rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Accordingly, the background provided by the California Court of Appeal in its review of the case on direct appeal will serve as the factual framework for this habeas review. *See* Op. at 2-11; *see also* Answer at 2-8. This background provides extensive detail about Petitioner's convictions, which arise from a series of online messages and sexually explicit photographs sent by Petitioner to San Jose police detectives in the child exploitation unit, who had created fictitious America Online (AOL) profiles claiming to be 13-year-old boys. Op. at 2-10.

On December 23, 1998, detective Mark Clough entered the "BarelylegalM4olderM" AOL chat room, using the screen name "scotty 0585." The profile for this account listed the name "Scotty," and the birthdate of May 12, 1985. *Id.* at 2. Clough received an unsolicited message from Petitioner. After a few lines of chatting, Petitioner suggested trading pictures. Clough requested that Petitioner send one first, and Petitioner responded that he had both "a g and x would you like both[?]" Clough responded in the affirmative, and Petitioner sent Clough two photographs by email—a fully clothed photograph of the Petitioner, and a photograph of a naked man with an erect penis. Clough asked Petitioner if he had ever "been with a guy my age?" and Petitioner responded in the affirmative. After further discussion of "Scotty's" sexual history, Petitioner told Clough he would put him on his "buddy list," and the conversation ended. *Id.*

From December 1998 until November 1999, Petitioner and Clough corresponded numerous times online, using sexually explicit language. *Id.* at 2-8. Petitioner promised to teach "the finer

5

1  arts of boy love," including "rubbing and sucking and kissing and fucking and cumming all over
2  each other." *Id.* at 4. On at least five separate dates, Petitioner sent Clough sexually explicit
3  photographs, including a file called "!2on1kid" that "depicted a man being both orally copulated
4  and sodomized simultaneously." *Id.* at 3. On at least two separate occasions, Petitioner sent
5  messages to "Scotty" encouraging him to masturbate, explaining in one instance that "it gets me off
6  thinking of what you are doing to yourself." *Id.* at 5-6. Multiple times, Petitioner and Clough
7  discussed meeting in person. *Id.* at 3-7. Petitioner wrote that he would like to perform various
8  sexual acts with "Scotty," but expressed reluctance to meet in person because "Scotty" lived too far
9  away. *Id.* Petitioner suggested phone sex several times, but Clough declined. *Id.* at 5-6.
10 Petitioner repeatedly expressed concerns that "Scotty" or his mother would report Petitioner to the
11 police. *Id.* at 6-7. On November 2, 2000, after Petitioner continued to decline to meet in person,
12 Clough expressed frustration, and Petitioner offered to remove him from his buddy list. *Id.* at 7-8.
13 Clough agreed, and the relationship ended. *Id.* at 8.

14 At the same time, Clough's supervisor, David Hewitt, had created another fictitious AOL
15 account using the name "Ryan," which also listed an age of 13 years old. *Id.* at 8. Petitioner
16 initiated contact with "Ryan" in November 1999. *Id.* Petitioner had several online exchanges with
17 "Ryan." *Id.* at 8-10. After the first two conversations, Hewitt turned the investigation over to
18 Clough. *Id.* at 9. Petitioner sent "Ryan" multiple sexually explicit photographs, including the
19 photograph of a naked man with an erect penis and the "!2on1kid" photograph that Petitioner had
20 previously sent to "Scotty." Petitioner also encouraged "Ryan" to masturbate. *Id.* at 9-10. The
21 two discussed meeting in person, but Petitioner again declined, mentioning concerns about being
22 apprehended by law enforcement, and insisting that they speak by phone before meeting in person.
23 *Id.* At one point, Petitioner specifically acknowledged that it was illegal for him to send the
24 pictures, because the "laws say you shouldn't at the age really know what you want and someone
25 like me can take advantage of that because I am older." *Id.* at 9.

26 In February of 2000, Detective Clough decided to terminate his investigation of Petitioner
27 and obtained a search warrant for Petitioner and his residence. *Id.* at 10. Petitioner admitted that
28 he knew Ryan and Scotty were between 13 and 15 years old, and that it was illegal to send

6

Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

1  pornographic photographs to minors. *Id.* He explained his "goal" was to "masturbate himself and
2  have . . . whomever he's talking to masturbate themselves in the course of a conversation." *Id.* at
3  11. During the investigation, Petitioner admitted that "it was a good possibility" that he would
4  have engaged in sexual conduct with "Scotty" had he lived nearby. However, he "hoped that he
5  wouldn't actually follow through with it" and "he didn't want to be caught by the police," "hurt his
6  family," or "ruin his life." *Id*. Detective Clough arrested Petitioner and seized Petitioner's
7  computer. *Id.* at 10-11.

## II. DISCUSSION

### A. STANDARD OF REVIEW

This Court may entertain a petition for the writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause of (d)(1), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the

7

prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409. The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412. Circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent. However, only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of Petitioner's claims in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000). Here, that opinion is the 2007 ruling of the California Court of Appeal.

### B. PETITONER'S CLAIMS

Petitioner asserts two claims for habeas relief: (1) the Court of Appeal failed to sufficiently remedy the prejudice resulting from trial counsel's ineffective assistance; and (2) the Superior Court violated Petitioner's due process rights by admitting into evidence his 1983 convictions for child molestation. Petition at 6; Traverse at 4. Because Petitioner has failed to identify a misapplication of clearly established federal law for either claim, and because the Court of Appeal fully considered both issues and came to an objectively reasonable decision, Petitioner's claims are DENIED.

#### 1. Insufficiently Remedied Prejudice Resulting from Ineffective Assistance of Trial Counsel

The Court of Appeal found that Petitioner's trial counsel provided ineffective assistance by failing to object to the three additional charges of attempted lewd conduct (the "additional counts") at the retrial on grounds of vindictive prosecution. Op. at 23. The Court of Appeal further determined that the prejudice to Petitioner resulting from this error was adequately remedied by striking the additional counts that the prosecution should have been precluded from pursuing. *Id.* at 23-24. Petitioner asserts this remedy was insufficient because the additional counts prejudiced him before the jury with respect to the original eight counts of attempted distribution (the "original counts"). Traverse at 11-12. For the reasons set forth below, the Court finds that the Court of Appeal properly remedied the prejudice to Petitioner by striking the additional counts, and DENIES Petitioner's claim.

### a. Legal Standard

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, Petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 690). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Richter,* 131 S.Ct. at 787 (quoting *Strickland,* 466 U.S. at 689). Second, Petitioner must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* Where a defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt." *Id.* at 695. This requires a "substantial," not just "conceivable," likelihood of a different result. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403, *reh'g denied*, 131 S. Ct. 2951 (2011) (citing *Richter*, 131 S.Ct. at 791). In proving prejudice, the burden of proof remains on the

defendant. *Strickland*, 466 U.S. at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice"); *Richter*, 131 S.Ct. at 791-92.

The *Strickland* framework for analyzing ineffective assistance of counsel claims is considered to be "clearly established Federal law, as determined by the Supreme Court of the United States" for the purposes of 28 U.S.C. § 2254(d) analysis. Therefore, to obtain federal habeas corpus relief based on ineffective assistance of counsel, a petitioner must demonstrate that the state court's application of the *Strickland* standard to the facts of his case is "not only erroneous, but objectively unreasonable." *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (per curiam). Regarding the *Strickland* prejudice prong, this requires a showing that the state court was objectively unreasonable in analyzing the "substantial" probability of a different outcome. *See Richter*, 131 S.Ct. at 791-92; *Walker v. Martel*, -- F. 3d--, 11-99006, 2013 WL 848293 (9th Cir. Mar. 7, 2013).

### b. The Court of Appeal Reasonably Remedied the Prejudice Resulting from Trial Counsel's Ineffective Assistance

In considering Petitioner's claims of prejudice under the framework outlined above, this Court finds that the Court of Appeal (1) reasonably analyzed the scope of trial counsel's ineffectiveness in failing to object to the additional counts on the basis of vindictive prosecution, and (2) properly concluded that striking the additional counts sufficiently remedied the resulting prejudice to the Petitioner. For the following reasons, this Court further finds that Petitioner failed to meet his burden of affirmatively proving the substantial likelihood of a different result. *Strickland*, 466 U.S. 694; *Cullen*, 131 S.Ct. at 1403. First, as the Court of Appeal noted, the jury considered each count individually, convicting on only five of the eight original felony counts, and convicting on the lesser included misdemeanors for the remaining three original felony counts. Second, both the Superior Court and the prosecution explicitly instructed the jury that the additional counts were entirely separate from the original counts. Lastly, Petitioner has identified no evidence in the record to suggest a contrary result.

Before addressing the sufficiency of the Court of Appeal's prejudice remedy, this Court will recount the specifics of Petitioner's trial counsel's ineffectiveness. Prior to Petitioner's retrial,

10

Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

the prosecution moved to amend the information to add three new counts of attempted lewd conduct (on which Petitioner was later convicted), based on Petitioner's attempts to have "Scotty" and "Ryan" masturbate. Op. at 20. Petitioner's trial counsel opposed the motion, arguing that it was untimely and that it would amount to an "end run around" the Court of Appeal's reversal of the original judgment, but he did not object to the new charges on grounds of vindictive prosecution. *Id*. The Superior Court granted the prosecution's motion. *Id.* Subsequently, the Court of Appeal found that trial counsel had provided ineffective assistance by failing to raise the vindictive prosecution objection, because "the prosecution would not have been able to rebut the presumption of vindictiveness . . . 'raised by increased charges in an apparent response to the defendant's exercise of procedural rights.'" *See id*. at 23 (citations omitted).

This Court will now set forth in detail the basis for its finding that the Court of Appeal sufficiently remedied the prejudice resulting from Petitioner's trial counsel's ineffectiveness. First, as the Court of Appeal emphasized, Petitioner's contention of prejudice with respect to the entire trial is undermined by the fact that "[t]he jury did not unreflexively convict defendant of all the charged offenses. The jury's decision to convict defendant of only the lesser included offenses as to three of the counts demonstrates that it gave full consideration to his defense." *Id.* at 23. While the Court of Appeal's analysis is not extensive, in reviewing a federal habeas petition, this Court must determine what arguments or theories supported the state court determination, and ask whether such analysis was objectively unreasonable. *Harrington v. Richter*, 131 S.Ct. 70, 786 (2011); *Yarborough*, 540 U.S. 1, 5. Here, it was not unreasonable for the Court of Appeal to rely on the jury's individualized analysis of guilt for each count to find that Petitioner failed to satisfy *Strickland*'s requirement of demonstrating the substantial likelihood of an alternative outcome if the additional counts had been excluded. *See Strickland*, 466 U.S. at 693; *Richter*, 131 S.Ct. at 791-92.

Second, the Court of Appeal's reasoning is further supported by the fact that both the Superior Court and the prosecution carefully distinguished between the additional counts and the original counts. As Respondent notes, the Superior Court explicitly instructed the jury to consider each count individually. *See* Answer, Ex. 6, C.T. at 520. In addition, the prosecution deliberately

11

Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

differentiated between the additional three counts of attempted lewd conduct and the original eight counts of attempted distribution, noting that the original counts require the distinct element of "intent to seduce." *See id.* at 539 ("[T]he real battle has to do with those eight felony counts and that one element in each one of those eight felony counts. . . how do we know Defendant acted with intent to seduce a child?"); *id.* at 541 ("What's critical to remember about this intent to seduce element is that I only need to prove the intent to seduce as to those eight felony charges relating to the attempted sending of harmful matter. It doesn't need to be proven as to the attempted lewd or lascivious act. Those are the three other charges. . . You can commit . . . an attempted lewd or lascivious act without intent to seduce."). Because the jury received clear instructions from both the Superior Court and the prosecution to evaluate the additional counts separately from the original counts, it was reasonable for the Court of Appeal to conclude that the improper admission of the additional counts did not prejudice Petitioner with respect to the original counts.

Most decisively, Petitioner has failed to meet his burden of offering affirmative proof to support a contrary conclusion. Although Petitioner claims that the inclusion of these later-reversed additional counts "infected the jury's consideration" and that the outcome of the trial would have been "fundamentally different" had those additional counts not been presented to the jury, *id*. at 12, Petitioner has not pointed to any evidence in the record to show that the additional counts biased the jury, nor has Petitioner explained why the Court of Appeal's decision to overturn the additional counts did not cure any potential prejudice. Petitioner does not provide any evidence that the jury's finding of "intent to seduce" – the only contested element with respect to the original counts – was impacted by the additional counts. *See* Op. at 13; Traverse. Nor does he identify any evidence relating to the additional counts that would have been inadmissible at trial with regard to the original counts. Answer at 12. Indeed, when arguing for the Superior Court's permission to amend the complaint to add the additional counts, the prosecution represented to the Superior Court that the additional counts would not rely on any facts beyond those presented at the first trial. Op. at 20. As a result, the Court of Appeal was reasonable in finding that Petitioner's conclusory allegations of pervasive prejudice fell far short of the *Strickland*'s demanding standard of affirmative proof of prejudice.

12

Accordingly, the record contains persuasive evidence that Petitioner failed to meet his burden of proving prejudice regarding the original counts. The jury addressed each count independently; the Superior Court and the prosecution clearly differentiated between the original counts and the additional counts; and Petitioner has failed to identify any evidence to support a contrary conclusion. As a result, the Court of Appeal was not unreasonable in applying the prejudice prong of *Strickland*, and failing to find a substantial probability of a different outcome. This claim to habeas relief is DENIED.

### 2. Due Process Violation Arising from the Introduction of Petitioner's 1983 Convictions for Child Molestation

Petitioner also claims that the Superior Court violated his due process rights by admitting into evidence Petitioner's 1983 child molestation convictions. Specifically, Petitioner alleges, "Trial court belatedly admitted evidence of prior sex offense convictions for an irrelevant rebuttal purpose in an egregious abuse of discretion that denied a fair trial on the completely dissimilar charged offenses." Petition at 6. The Court interprets this as an allegation that the Superior Court erred either by improperly admitting evidence of prior offenses as propensity evidence, or improperly admitting rebuttal evidence, and rejects both assertions. As a threshold matter, neither claim is grounded in clearly established federal law. Additionally, even if Petitioner could identify clearly established federal law relating to the due process implications of admission of propensity or rebuttal evidence, the Court of Appeal reasonably determined that fundamental fairness was preserved by the Superior Court's proper application of state evidence rules. Lastly, the disputed evidence was admitted for a proper evidentiary purpose with respect to the original counts, and Petitioner's mischaracterization of procedural history does not alter the preceding analysis. Accordingly, Petitioner's second claim is DENIED.

#### a. Petitioner Fails to Identify an Unreasonable Application of Federal Law

AEDPA provides that habeas relief is unavailable absent a violation of "clearly established Federal Law," as interpreted by the Supreme Court. 28 U.S.C. § 2254(d). The Supreme Court has made few rulings regarding the admission of evidence as a violation of due process, and has

specifically noted that the admission of relevant evidence generally does not violate due process. *See Hill v. Virga*, C 11-4793 YGR PR, 2013 WL 321843 (N.D. Cal. Jan. 28, 2013) (citing *Estelle,* 502 U.S. at 70). *See also Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) ("[S]imple errors of state law do not warrant federal habeas relief," provided that due process is satisfied.); *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

With regard to the admission of prior acts as propensity evidence, the Supreme Court has expressly left open the question of whether such evidence violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."). The Ninth Circuit has consistently held that the due process right asserted by the Petitioner remains an "open question" in Supreme Court jurisprudence, and thus federal habeas relief is unavailable under AEDPA. *See, e.g.*, *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008) (holding that the admission of evidence of Petitioner's prior rapes as propensity evidence "was not contrary to clearly established [Supreme Court] law," and thus rejecting Petitioner's habeas claim); *Alberni v. McDaniel*, 458 F.3d 860, 864 (9th Cir. 2006) ("We cannot conclude that the Nevada Supreme Court acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against Mr. Alberni did not violate due process, given that *Estelle* expressly left this issue an 'open question.'"); *see also Chavarria v. Hamlet*, 472 F. App'x 749, 750 (9th Cir. 2012), *cert. denied,* 133 S. Ct. 931 (2013) ("Because the Supreme Court has expressly left open the question of whether a state law permitting the introduction of propensity evidence would violate due process . . . the state court's decision rejecting Chavarria's due process challenge . . . cannot have been contrary to, or an unreasonable application of, clearly established law."). Indeed, Petitioner acknowledges that "[t]he admission of a prior [conviction] is usually not a violation of the Due Process Clause or a cognizable federal claim." *See* Traverse at 6.

Similarly, Petitioner's vague allegation that the 1983 convictions were improperly admitted as rebuttal evidence also fails to identify a clearly established source of federal law. *Cf. Hill v. Virga*, 2013 WL 321843, at * 35 (denying habeas relief on a claim challenging allegedly

prejudicial rebuttal evidence, because the state court's decision was not contrary to or an unreasonable application of established federal authority).

Because no clearly established federal authority governs Petitioner's claim, this Court is statutorily barred from granting Petitioner's application for writ of habeas corpus on this claim. 28 U.S.C. § 2254(d).

### b. The Proper Application of State Procedural Law Protections Sufficiently Preserved Due Process

Even if the Court were to proceed under a general due process analysis, the Court of Appeal was not unreasonable in determining that the Superior Court fully preserved Petitioner's due process rights to a fundamentally fair proceeding. *See Estelle*, 502 U.S. at 70 (holding that a state's evidentiary rulings can only be reviewed through federal habeas if the admission or exclusion of evidence violated a petitioner's due process rights to a fair trial); *Spivey v. Rocha,* 194 F.3d 971, 977-78 (9th Cir.1999) ("It is well settled that a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process."). To find a violation of due process based on the improper admission of evidence, the Ninth Circuit has stated that there must be "no permissible inferences the jury may draw from the evidence." *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991); *see also McKinney v. Rees,* 993 F.2d 1378 (9th Cir.1993). Here, the Court of Appeal sufficiently reviewed the permissible inferences of the proffered evidence and any potential unfairness to Petitioner through the application of the safeguards of California law, with respect to both propensity evidence and rebuttal evidence.

#### i. Propensity Evidence

Both the Ninth Circuit and the California Supreme Court have found that California Evidence Rule 1108 ("Rule 1108") survives due process challenges because of California Evidence Rule 352 ("Rule 352"), which the Court of Appeal appropriately applied in this case. *Mejia*, 534 F.3d at 1047 n.5 (reasoning that Rule 352 safeguards due process and fundamental fairness in the admission of evidence under Rule 1108); *People v. Falsetta*, 21 Cal. 4th 903, 917 (Cal. 1999)

15

("[T]he trial court's discretion to exclude propensity evidence under section 352 saves section 1108 from defendant's due process challenge.").

The Court of Appeal sufficiently protected Petitioner's due process rights by finding that the Superior Court had not abused its discretion in applying Rule 352 to admit the 1983 convictions as propensity evidence under Rule 1108. The Court of Appeal found the evidence to have a high probative value, with little danger of prejudice. Op. at 17-19 (applying Cal. Evid. Code § 352). The Court of Appeal found the 1983 convictions were probative because "[e]vidence that [Petitioner] had a lengthy history of engaging in 'real life' sexual activity with numerous young boys tended to rebut the inference that his conversations were merely play acting." *Id*. at 18. The Court of Appeal then balanced this probative value against the four prejudicial factors identified by California state courts in applying Rule 352 to Rule 1108 evidence: (1) inflammatory nature of the evidence; (2) possibility of confusion of the issues; (3) remoteness in time, and (4) amount of time required to introduce and refute the evidence. *Id.* (citing *People v. Branch*, 91 Cal.App. 4th, 274, 282 (Cal. 2001). The Court of Appeal found the admission of the documentation of the 1983 convictions, without any facts, was significantly less inflammatory than the unchallenged admission of Petitioner's 1991 convictions, and the testimony of the victim of those offenses. The Court of Appeal noted that Petitioner's sexual intent was the only contested issue at trial, and that the 1983 convictions were directly relevant to this issue. The Court of Appeal further found that, viewed in the context of Petitioner's other offenses, the convictions were not remote in time, and "[n]o time was involved" in introducing the documentary evidence. *Id.* at 19. The Court of Appeal concluded that the 1983 convictions added "considerable fortification to the 1991 convictions in evidencing [Petitioner's] sexual intent toward young boys," and this probative value was not "substantially outweighed" by the potential for prejudice or confusion of the issues. *Id*.

This Court must defer to the Court of Appeal's conclusions with regard to California Law, *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) (citing *Wainwright v. Goode*, 464 U.S. 78, 84 (1983)). The Court finds that this analysis adequately addressed the permissible inferences of the 1983 convictions, and the fundamental fairness of its introduction.

### ii. Rebuttal Evidence

16

Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      Analogously, the Court of Appeal did not violate Petitioner's due process rights to fundamental fairness by holding that the Superior Court had properly admitted the 1983 convictions as rebuttal evidence. The Court of Appeal discussed the appropriate standard under California law for admitting rebuttal evidence, and enumerated the restrictions for admission of rebuttal evidence: "(1) to ensure the presentation of evidence is orderly and avoids confusion of the jury; (2) to prevent the prosecution from unduly emphasizing the importance of certain evidence by introducing it at the end of the trial; and (3) to avoid 'unfair surprise' to the defendant from confrontation with crucial evidence late in the trial." *Id.* at 18 (citing *People v. Young*, 34 Cal.4th 1149, 1199 (Cal. 2005)). The Court of Appeal proceeded to analyze each in each turn, explicitly finding that "there was no 'unfair surprise'" because the defense was well aware of the contested evidence, and the prosecution's prior representations did not preclude him from subsequently introducing the evidence. *Id.* In conjunction with the Court of Appeal's Rule 352 analysis, these considerations adequately address Petitioner's allegations of unfairness, and Petitioner has not proposed any basis for contradicting this conclusion.[5]

### c. The 1983 Convictions Were Admitted for a Proper Purpose

      Although Petitioner has not identified a clearly established federal law basis for claiming habeas relief, or any due process violations, he asserts that the "gravamen" of his complaint is that his "1983 prior was admitted to prove charges the Court of Appeals reversed," Traverse at 7. This factually inaccurate statement does not change the above analysis. The 1983 convictions were introduced primarily to prove the original counts that the Court of Appeal upheld.

      Without explanation, Petitioner assumes that the 1983 convictions were introduced to substantiate the additional counts that the Court of Appeal struck. Traverse at 8. However, in closing argument, the prosecution relied on the 1983 convictions to support the contested "intent to seduce" element of the original counts of felonious attempted harmful distribution, and did not mention the prior acts in relation to the additional counts of attempted lewd conduct. *See* Answer,

---

[5] Although the original Petition alleged that the evidence was "belatedly" admitted for "an irrelevant rebuttal purpose," Petition at 6, Petitioner's Traverse does not specifically challenge the admission of the 1983 convictions as rebuttal evidence.

17
Case No.: 10-CV-0542-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Ex. 6, C.T. at 538-544. Specifically, the prosecution claimed the prior convictions indicated that petitioner possessed the requisite intent to seduce because "if you look at his history you realize he's a child molester and he likes to molest children." *Id.* at 539. The prosecution also relied on these prior convictions to explain why Petitioner was hesitant to meet with "Scotty" or "Ryan." *Id.* at 543 ("The defendant is paranoid, he's very cautious . . . and he has good reason to be cautious. We know he's been arrested twice before and convicted twice before for child molestation.") Thus, the 1983 convictions were introduced directly to support the original counts of attempted distribution, which were unaffected by the Court of Appeal's decision to strike the additional counts of lewd conduct.

Petitioner also contends that the admission of the 1983 convictions "pollut[ed]" the entire trial to the extent that the jury was ready to convict Petitioner of the additional counts which the Court of Appeal later struck. Petitioner alleges that the Court of Appeal "could not uphold" the additional counts because they were "unsubstantiated," "improper" or "not supported by the record," and that conviction on such counts is "inherent proof of the substantial and injurious effect of the admission of the 1983 prior." *Id.* However, as discussed above, the additional counts were not stricken because they were unsubstantiated or substantively improper, but rather because they were introduced only at retrial and the prosecution would not have been able to rebut the presumption of vindictiveness. Petitioner points to no evidence in the record that the jury overstepped its role, or convicted on charges that were unsupported by the record.

In sum, Petitioner has not identified any misapplication of clearly established federal law, nor demonstrated any violation of due process. His mischaracterization of the purpose for admitting the 1983 convictions and the grounds for striking the additional counts does not change this result.

### III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus and request for evidentiary hearing are DENIED.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.

*See* Rule 11(a), Rules Governing §2254 Cases, 28 U.S.C. foll. § 2254.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, no COA shall issue.

The Clerk of the Court shall enter judgment in favor of Respondent, and shall close the file.

**IT IS SO ORDERED.**

Dated: March 26, 2013

_____
LUCY H. KOH
United States District Judge